**UDALL│SHUMWAY**
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: (480)461-5300
Fax: (480) 833-9392

Matthew L. White - #025828
mlw@udallshumway.com
Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| KATRINA DENISE PORTER, | Case No. 2:14-bk-12786-SHG |
| Debtor. | **STIPULATED ORDER CONFIRMING FIRST AMENDED CHAPTER 13 PLAN** |

The First Amended Chapter 13 Plan (hereinafter the "Plan") having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the First Amended Plan of the Debtor as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtor shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1 - 2 | $500.00 |
| 3 - 36 | $510.00 |
| 37-60 | $765.00 |

The payments are due on or before the 18th day of each month commencing September 18, 2014. Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Plan is deemed completed. This requirement is effective

*In re Katrina Denise Porter*
*Case No. 2:12-bk-12786-SHG*

regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders.

Debtor shall provide to the Trustee copies of her **federal** and **state** income tax returns within 30 days of filing them for every year during the duration of the Plan. The purpose is to assist the Trustee in determining any change in Debtor's annual disposable income.

(2) Other Property. None.

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors or allowed claims in the following order:

(1) Administrative expenses:

Attorney Fees. Matthew L. White shall be allowed total compensation of $4,000.00. Counsel received $1,000.00 prior to filing this case and will be paid $3,000.00 by the Chapter 13 Trustee.

(2) Claims Secured by Real Property:

(a) U.S. Bank Home Mortgage, secured by a first deed of trust in the Debtor's residence, shall not be paid through the Plan. Debtor has reached a loan modification with the creditor to cure arrearages, and Debtor will make post-petition payments directly to the creditor and outside of the Plan.

(b) Signal Butte Manor Homeowners Association, secured by a statutory lien in the Debtor's residence, shall be paid the prepetition secured claim of $7,130.71 with 0.00% interest, the balance of the creditor's claim to be classified and treated as a general unsecured claim, with the Debtor to continue to make post-petition payments directly to the creditor and outside of the Plan.

(3) Claims Secured by Personal Property:

    (a) Capital One Auto Financial, secured by a lien in a 2012 Nissan Sentra, shall be paid a secured claim of $19,090.58 with 5.25% interest. The creditor will receive adequate protection payments of $150.00 per month. The balance of the debt shall be classified and treated as a general unsecured claim.

(4) Unsecured Priority Claims:

    (a) Arizona Department of Revenue shall be paid an unsecured priority claim of $253.47, with 0.00% interest. The balance of the creditor's claim shall be classified and treated as a general unsecured claim.

(5) Surrendered Property. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtor surrenders the following property: None.

(6) Other Provisions: None.

(7) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtor upon confirmation.

---

ORDER SIGNED ABOVE

---

Approved as to Form and Content By:

_/s/ Edward J Maney, Chapter 13 Trustee_

*In re Katrina Denise Porter*
*Case No. 2:12-bk-12786-SHG*

Edward J. Maney, Trustee

_(signature)_
Matthew L. White, Esq.
Attorney for Debtor

Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_(signature)_
Katrina D. Porter

4265057.1

*In re Katrina Denise Porter*
*Case No. 2:12-bk-12786-SHG*